UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY WRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>THRIFTY PAYLESS, INC., dba RITE AID; TIM HENDERSON; RITE AID CORPORATION; and DOES ONE through FIFTY,<br><br>Defendants. | No. 2:13-CV-01681-KJM-EFB<br><br><br>ORDER ON ORDER TO SHOW CAUSE |

I.  BRIEF BACKGROUND

Plaintiff commenced this action in the Sacramento County Superior Court, alleging six claims: (1) false imprisonment; (2) invasion of privacy; (3) defamation; (4) intentional/negligent infliction of emotional distress; (5) breach of the employment contract; and (6) wrongful termination in violation of public policy.  (Defs.' Notice of Removal, Compl., Ex. A, ECF No. 1-1.)  After defendants removed the case, this court exercised federal question jurisdiction because the fifth claim for breach of the employment contract alleged a dispute over a collective bargaining agreement (ECF No. 16 at 6).  *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985).  On October 14, 2013, the court granted defendants' motion to dismiss, dismissing plaintiff's breach of the employment contract claim without prejudice and plaintiff's wrongful termination claim with prejudice.  (ECF No. 16 at 10.)

1

On November 2, 2013, plaintiff filed her First Amended Complaint, alleging four state law claims: (1) false imprisonment; (2) invasion of privacy; (3) defamation; and (4) intentional/negligent infliction of emotional distress. (Pl.'s First Am. Compl. at 4–7, ECF No. 19.) The First Amended Complaint omits the fifth claim for beach of the employment agreement, the only claim supporting this court's initial exercise of federal question jurisdiction. (*See id.*) In addition, the parties agreed at a recent hearing on plaintiff's motion to quash before the assigned magistrate judge that there was no diversity of citizenship. Accordingly, this court ordered the parties to show cause why this court should exercise its discretion and retain supplemental jurisdiction over the remaining state law claims, rather than remand the case to state court. (Order at 1–2, ECF No. 44.)

Defendants have responded to the court's order to show cause. (*See* Defs.' Resp., ECF No. 45.) In their response, defendants "respectfully urge [the court] to retain jurisdiction [over] this matter in the interest of judicial economy, convenience, and fairness to the parties." (*Id.* at 1.) Plaintiff has not filed any response.

On January 5, 2015 the parties filed a stipulation, dismissing plaintiff's infliction of emotional distress claim with prejudice. (ECF No. 46 at 2.) The court hereby approves the parties' stipulation, and dismisses plaintiff's claim for intentional/negligent infliction of emotional distress with prejudice. The parties' stipulation does not alter the court's analysis below.

II.     DISCUSSION

Jurisdiction in this case is not lacking because, as indicated above, defendants properly removed the case to this court (ECF No. 16 at 6). *See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (removal "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments"); *Boston Reed Co. v. Pitney Bowes, Inc.*, No. 02-01106, 2002 WL 1379993, at *2 (N.D. Cal. June 20, 2002) (same). Instead, the question before this court is whether the court should exercise its discretion to retain jurisdiction over the case when the only claim supporting the exercise of jurisdiction has been eliminated from the case. Addressing that

question, this court concludes this is one of the rare cases where it is proper to continue the exercise of jurisdiction over this case.

"The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion." *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (internal quotation marks omitted).  Consequently, a federal court has discretion to remand a properly removed case to state court when no federal claim remains.  *See Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) ("It is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court.").  One circumstance in which a district court may "decline to exercise supplemental jurisdiction over a [state-law] claim" is when "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  That decision, however, must be informed by consideration of judicial economy, convenience, fairness, and comity factors.  *See Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 364 n.7 (1988).

Here, however, the court finds the balance of the relevant factors weighs in favor of continuing to exercise jurisdiction over this case as an exception to the rule.  The judicial economy factor -- embodying "the essential policy behind the modern doctrine of pendent jurisdiction" --, the convenience factor, and the fairness factor each weigh in favor of the continued exercise of supplemental jurisdiction over the state law claims.  *Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1119 (N.D. Cal. 2002).  The case has been pending in this court since August 2013, and this court has ruled on a motion to dismiss.  (*See* ECF Nos. 1, 16.)  Moreover, the litigation has reached the discovery deadline, and the expert designation deadline is set to expire imminently, on January 15, 2015.  (ECF No. 43.)  Accordingly, judicial economy and convenience favor the resolution of this case in this court.  *See Gofron v. Picsel*

*Technologies, Inc.*, 804 F. Supp. 2d 1030, 1045 (N.D. Cal. 2011) (holding convenience and judicial economy factors weigh against remand when the case, among other things, had reached the discovery deadlines); *see also Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1288 (6th Cir. 1992) (judicial economy and fairness both favored retention of jurisdiction because case "had been on the district court's docket for almost two years"; "the parties had completed discovery and compiled a voluminous record"; and the "plaintiffs' federal claim was *not* abandoned until the filing of the amended complaint" (emphasis in original)).

Finally, the comity factor is neutral. While the court assumes any effort the parties have exerted would still be relevant in state court, this court has familiarized itself with the issues in this case. This is not a case where the claim supporting federal question jurisdiction was "inescapably" frivolous *ab initio*. *See Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010) (quoting *Hagans v. Lavine*, 415 U.S. 528, 538 (1974)). Moreover, although there is benefit to having a California state court decide the state law claims, that benefit is outweighed here by the equitable "policies of judicial economy." *Province v. Cleveland Press Pub. Co.*, 787 F.2d 1047, 1055 (6th Cir. 1986).

III. <u>CONCLUSION</u>

In conclusion, because the balance of the relevant factors weighs against remand, the court will continue to exercise supplemental jurisdiction over this case. The order to show cause is discharged.

IT IS SO ORDERED.

DATE: January 7, 2015.

_____
UNITED STATES DISTRICT JUDGE